**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 04-4907**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

MICHAEL LAMONT BOOMER,

Defendant - Appellant.

---

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond. Henry E. Hudson, District Judge. (CR-04-89)

---

Submitted: November 30, 2005      Decided: February 3, 2006

---

Before MOTZ and GREGORY, Circuit Judges, and HAMILTON, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

William J. Dinkin, DINKIN, PURNELL & JOHNSON, PLLC, Richmond, Virginia, for Appellant.  Paul J. McNulty, United States Attorney, Michael J. Elston, Angela Mastandrea-Miller, Assistant United States Attorneys, Richmond, Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.  See Local Rule 36(c).

PER CURIAM:

Michael Lamont Boomer was convicted after a jury trial for possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1) & (b)(1)(A) (2000), possession with intent to distribute marijuana, in violation of 21 U.S.C. § 841(a)(1) & (b)(1)(D) (2000), and possession of a firearm in furtherance of drug trafficking, in violation of 18 U.S.C.A. § 924(c) (West 2000 & Supp. 2005). He argues that the search warrant for his home was invalid, that the district court erred in denying his motion for a new trial on the ground that police destroyed evidence, and that his conviction for possession of a firearm in furtherance of a drug trafficking crime was not supported by sufficient evidence. Finding no error, we affirm.

I.

Boomer argues that the district court erred by denying his motion to suppress the evidence obtained through the execution of a search warrant for his home because probable cause did not support the warrant and the court erred in finding that the good faith exception to the exclusionary rule applied. If a warrant is found to be defective, the evidence obtained from the defective warrant may nevertheless be admitted under the good faith exception to the exclusionary rule. United States v. Leon, 468 U.S. 897, 922-23 (1984). Evidence seized pursuant to a defective warrant will not be

- 2 -

suppressed unless: (1) the affidavit contains knowing or reckless falsity; (2) the magistrate acts as a rubber stamp for the police; (3) the affidavit does not provide the magistrate with a substantial basis for determining the existence of probable cause; or (4) the warrant is so facially deficient that an officer could not reasonably rely on it. United States v. Wilhelm, 80 F.3d 116, 121-22 (4th Cir. 1996); United States v. Hyppolite, 65 F.3d 1151, 1156 (4th Cir. 1995).

Where, as here, the challenge is to both the probable cause determination and also the conclusion that the good faith exception applies, the court will ordinarily address the good faith determination first, unless the case involves the resolution of a novel question of law necessary to provide guidance to police officers and magistrates. See United States v. Legg, 18 F.3d 240, 243 (4th Cir. 1994); United States v. Craig, 861 F.2d 818, 820 (5th Cir. 1988) ("Principles of judicial restraint and precedent dictate that, in most cases, we should not reach the probable cause issue if . . . the good-faith exception of Leon will resolve the matter.").

Boomer contends that the good faith exception should not apply in this case because Officer Godsey's reliance on the allegedly insufficient search warrant was objectively unreasonable. Godsey's affidavit stated that he was experienced in narcotics investigation and identified the plant seeds and stems as marijuana, and identified sandwich bag materials. The officer also found in

the same trash a piece of mail with the residence's address on it. Based on these facts, we conclude that an objectively reasonable police officer could rely on the integrity of the warrant. Therefore, the district court properly applied the good faith exception. See United States v. Dickerson, 166 F.3d 667, 694-95 (4th Cir. 1999), rev'd in part on other grounds, 530 U.S. 428 (2000); see also Leon, 468 U.S. at 926; United States v. Lalor, 996 F.2d 1578, 1583 (4th Cir. 1993).

II.

Boomer filed a motion for a new trial under Fed. R. Crim. P. 33, arguing that the Government did not comply with the discovery order because it did not make the potentially exculpatory videotape of the search available to him. The district court denied the motion finding that there was no due process violation because Boomer did not prove that the evidence would have been favorable to him, that it was material, or that the police destroyed the tape in bad faith.

In evaluating whether the government's withholding of material evidence as to guilt or punishment violates a defendant's due process rights, the court looks to Brady v. Maryland, 373 U.S. 83 (1963). To prove a Brady violation, a defendant must show that the non-disclosed evidence was (1) favorable to the defendant; (2) material; and (3) intentionally suppressed by the government. Moore v. Illinois, 408 U.S. 786, 794-95 (1972). When law enforcement

- 4 -

officers fail "to preserve evidentiary material of which no more can be said than that it could have been subjected to tests, the results of which might have exonerated the defendant," a defendant must show bad faith on the part of law enforcement officers to establish a denial of constitutional due process. <u>Arizona v. Youngblood</u>, 488 U.S. 51, 57 (1988).

Boomer argues that the exculpatory value of the destroyed videotape was apparent to the police before its destruction because the Government's case turned on Boomer's constructive possession of drugs and the firearm. Therefore Boomer argues that the videotape would have demonstrated, to Boomer's benefit, the distance between himself and the contraband. Further, police testimony was that Boomer confessed to the crimes, but that his confession was not recorded in Godsey's notes. Boomer maintained that he did not confess, but did not testify at trial.

At trial, Officer Godsey testified that it is the Chesterfield County Police Department's standard operating procedure to videotape the execution of a search warrant. The purpose of the videotape is to protect the police against claims by citizens asserting that their property was damaged during the search. The tapes are recycled as a matter of course every thirty to forty-five days. Godsey further testified that the tape was recycled before Boomer had been charged at all because the police thought that he would be a cooperating witness. It was not until approximately six

months after the search that Boomer was indicted. Godsey further testified that he did not remember anyone in the room with him when Boomer confessed and therefore it is unlikely that Godsey's interaction with Boomer was videotaped.

Boomer has not sustained his burden that the videotape would have been favorable to him or was material to his case. In addition, there was no evidence that the police may have destroyed or recycled the videotape in bad faith. Therefore, the district court did not abuse its discretion in denying a new trial on this basis.

III.

Boomer argues that there was insufficient evidence to convict him on count three: possession of a firearm in furtherance of a drug trafficking crime. Boomer specifically argues that even if the Government proved that he possessed a firearm and he committed a drug trafficking crime, it did not prove that possession of the firearm was in furtherance of the crime.

A defendant challenging the sufficiency of the evidence faces a heavy burden. See United States v. Beidler, 110 F.3d 1064, 1067 (4th Cir. 1997). In reviewing a sufficiency challenge, "[t]he verdict of a jury must be sustained if there is substantial evidence, taking the view most favorable to the Government, to support it." Glasser v. United States, 315 U.S. 60, 80 (1942). This

court "ha[s] defined 'substantial evidence,' in the context of a criminal action, as that evidence which 'a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt.'" United States v. Newsome, 322 F.3d 328, 333 (4th Cir. 2003) (quoting United States v. Burgos, 94 F.3d 849, 862 (4th Cir. 1996)).

We conclude that there was substantial evidence to support the verdict that Boomer possessed a firearm in furtherance of a drug trafficking crime. Boomer confessed to police that he possessed the drugs with intent to sell them. The drugs were found in a bedroom that was not Boomer's, but Boomer stated that when he heard the police approach he picked them up from the front living room and tossed the items on a bed. Boomer told Godsey that he had purchased the marijuana and crack cocaine in Richmond earlier in the weekend and that the other individual in the house at the time of arrest had come to purchase marijuana from him. Boomer indicated which bedroom belonged to him, and officers observed a silver 9 mm handgun loaded with sixteen rounds on a table at the end of the bed. Officers also observed a bulletproof vest on the floor between the dresser and nightstand. Boomer told the officers that the gun and bulletproof vest were his and that he had purchased them in Richmond. Police also found a dresser drawer that had been pulled out of the dresser and was on the floor containing $1500 in currency and another small bag of marijuana. Finally, Special Agent Terpening testified that

drug dealers often have guns to protect themselves and that he based his opinion that the gun was possessed in furtherance of the trafficking crime on the location of the gun near the drugs.

Although Boomer argues that Agent Terpening's opinion is not sufficient to establish the nexus between the gun and drug trafficking, we find that Terpening's opinion was not the only evidence of the furtherance element. A reasonable jury could conclude that Boomer possessed the firearm in furtherance of a drug trafficking crime because the firearm was located near a large amount of currency and an additional amount of marijuana, Boomer told police that the other occupant of the house was there to purchase marijuana, and the gun was on the dresser, easily accessible and loaded with sixteen rounds. That evidence in conjunction with Terpening's opinion, was sufficient to find Boomer guilty of the charge. See United States v. Lomax, 293 F.3d 701, 705 (4th Cir. 2002) (discussing factors courts consider in determining whether sufficient nexus exists between firearm and drug offenses).

Accordingly, we affirm. We deny Boomer's motion to file a pro se supplemental brief. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED